E-FILED
Tuesday, 28 August, 2012 02:39:28 PM
Clerk, U.S. District Court, ILCD

FILED
AUG 28 2012
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
Magistrate Judge John A. Gorman

| | |
|---|---|
| MALIBU MEDIA, LLC. | Civil Action No. 1:12-cv-01188-JES-JAG |
| *Plaintiff* | |
| v. | |
| JOHN DOES 1-34, | |
| *Defendants* | |

## DEFENDANT JOHN DOE #6's MOTION TO QUASH SUBPOENA

I, John Doe #6 defendant, in the above styled cause, hereby files the following Motion to Quash Subpoena issued to Comcast Cable Communications, LLC. as set forth in the Memorandum in Support attached hereto.

Respectfully Submitted,

*[signature]*

John Doe #6

Pro se

Dated: August 14th, 2012

# MEMORANDUM IN SUPPORT

## BACKGROUND

On August 7, 2012 I received a letter from my ISP regarding a subpoena, which included a copy of the Court Order. From accounts of previous defendants of Nicoletti & Associates, PLLC and other such practices, these subpoena notifications are followed by demand letters. These letters -- which demand thousands of dollars to avoid dealing with their lawsuit -- and their phone calls, which are allegedly persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

To cut court costs while suing as many individuals as possible, Plaintiff's counsel Paul J. Nicoletti is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include hundreds of defendants in multiple states. Nicoletti & Associates, PLLC and associates representing Malibu Media, LLC have over 20 similar lawsuits in Illinois, Indiana, and Michigan. In a nearly identical BitTorrent case, filed in the Illinois Northern District Court, *CP Productions, Inc. v. Does 1-300* case 1:2010cv06255 (dismissed ALL John Doe defendants), the court notes before dismissal:

> *If the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.*

Later, Judge Milton I. Shadur writes about Plaintiff's counsel abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> *This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.*

## STATEMENT OF FACTS

Defendant Doe #6 (hereinafter referred to as "Doe") received a letter from Comcast Cable Communications, LLC. (hereinafter referred to as "Comcast") indicating it had received a subpoena to divulge certain information regarding Doe. Doe contends that this subpoena is overbroad as it requests information that is unnecessary for Plaintiff to effect service. Doe contends that IP addresses do not match up well with individuals. Doe contends plaintiff has improperly joined 27 individual defendants based on entirely disparate alleged acts. Doe further contends this cause poses an undue burden and breaches due process.

Doe can verify appropriate standing to petition this court, proven via Exhibit A which includes a copy of the letter from Comcast (personal info redacted) and a copy of the subpoena. This should provide more than reasonable evidence that the Doe is a subscriber affected by the subpoena. Considering this motion is intended

to block the disclosure of privileged personal information, Doe prays for some leeway with regards to *Fed. R. Civ. P. 11* particularly those requiring the filer's phone number, address and email.

## LEGAL ARGUMENT

### 1) Internet Protocol ("IP") Addresses do not - by themselves - Qualify as Personal Information, Capable of Accurately Identifying an Individual.

An IP address does not accurately identify a person. In *VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068), Judge Harold A. Baker writes in an order denying expedited discovery:

> *Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.*

From an opinion in his response to an interlocutory appeal (bold added for emphasis):

> *In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an M SNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid.* ***Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections*** *(including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011).*

> *The list of IP addresses attached to VPR'S complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISP's include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article.* ***The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.***
>
> *VPR argues that, if served with a subpoena, the ISP's are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas*. ***The potential filing of a motion to quash is no reason to abandon the adversarial process***. *As VPR points out, ex parte motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. See Lightspeed Media Corp. v. Does 1 - 100, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants).*
>
> *In Hard Drive Productions, Inc. v. Does 1-1000, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff.*

In questioning whether expedited discovery could be used to extort quick settlements, even from people who have done nothing wrong, Judge Baker states that:

> *"The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case."*

*VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068)

## 2) Plaintiff Has Improperly Joined 27 individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff's joinder of 27 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> *Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.*

*BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> *Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.*

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) The right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "arise out of the same transaction, occurrence, or

series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against 38 defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Docs 1-25*, No. 6:04-cv-197-Orl-22DAR, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in

each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12,* No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work with a single "unique" hash. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See *BMG Music v. Does 7-203, 2004 WL 953888, at *1.*

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no credible allegations that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual

cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-27, from the case. *See* Fed. R. Civ. P. 21.

### 3) The Subpoena Received by Comcast is Overbroad and Does are Ambiguous.

As explained in the Court's Order filed in the instant case, Plaintiff intends its Order be for the limited purpose of identifying these Doe Defendants. However, the subpoena received by Comcast and sent to Defendant requests "1) Name; 2) Present address; 3) Telephone numbers; 4) Email addresses; and 5) Media Access Control ("MAC") addresses." Plaintiff has gone beyond the limited purpose of identifying the Does by asking for items 3 through 5. In order to comply with the Court order, Comcast may provide more information than is necessary for Plaintiff to effect service. In order to effect service, all Plaintiff needs is Doe's name and address. The subpoena in the instant case does not have the narrow scope of the information sought. A narrow scope would be Plaintiff requesting just the names and addresses used to identify the user of the IP addresses on the date and time listed. Plaintiff requests significantly more information and therefore, this subpoena is overbroad. Further, the subpoena received by Comcast is overbroad in that there is no proof that the person whose information Plaintiff receives acted in any way to violate any copyright law. At most, Plaintiff may be able to implicate an unknown computer rather than a person.

### 4) Undue Burden

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any files transferred at the times alleged, or that Doe copied, distributed, or otherwise infringed on a protected work owned by the plaintiff. Furthermore, the removal of Doe's cloak of anonymity will subject Doe to intrusive public scorn as an alleged unlawful copier of pornography.

### 5) Basic Fairness and Due Process

The Comcast Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement. As it stands this Order violates due process by allowing the identified Defendant to be subjected to Plaintiff's direct discovery and/or interrogatories without being formally served the complaint, the filling of responsive pleadings by the Defendants, or a Rule 26(f) conference between parties.

WHEREFORE, Defendant John Doe #6 respectfully prays the Court GRANTS Defendant's Motion to Quash Plaintiff's Subpoena to Comcast Cable Communications, LLC. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this cause. Respectfully submitted,

_____
John Doe #6
Pro Se


Dated: August 14th, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on 8/14/2012, I served a copy of the foregoing document via US Mail, on:

>Paul J. Nicoletti
>
>Nicoletti & Associates, PLLC
>
>36880 Woodward Avenue, Suite 100
>
>Bloomfield Hills, MI 48304
>
>(248)203-7800

And via Fax on:

>Comcast Cable Communications, LLC
>
>NE&TO
>
>650 Centerton Road
>
>Moorestown, NJ 08057
>
>(866) 947-8572 Tel
>
>(866) 947-5587 Fax

_/s/ John Doe #6_

John Doe #6

Pro se

Dated: August 14th, 2012

EXHIBIT A



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

August 7, 2012

**Personal and Confidential**

**Via UPS Delivery**

Re: *Malibu Media, LLC v. John Does 1-34*
United States District Court for the Central District of Illinois
Docket No.: 1:12-cv-01188
Order Entered: August 1, 2012

Dear

    Malibu Media, LLC has filed a federal lawsuit in the United States District Court for the Central District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Malibu Media, LLC's copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 24.13.133.143 on 5/6/2012 6:27 GMT. The court has ordered Comcast to supply your name, address and other information to Malibu Media, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:12-cv-01188 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file something with the Central District of Illinois such as a motion to quash or vacate the Subpoena no later than September 6, 2012. Should you choose to contest the release of your information by filing legal process with the court, it must be filed in the same court where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to **(866) 947-5587** no later than September 6, 2012. **Please note that Comcast cannot accept or file any legal action on your behalf.** If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff on the next business day after September 6, 2012.

    If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments:   Copy of Court Order and accompanying Subpoena regarding civil action

08/02/2012  12:29   2482037801          NICOLETTI                    PAGE  01/05

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of New Jersey

| Malibu Media, LLC | Civil Action No. 1:12-cv-01188-JES-JAG |
| Plaintiff | |
| v. | UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS |
| John Does 1 - 34, | |
| Defendants. | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Corporation
Legal Demands Center
650 Centerton Road
Moorestown, NJ 08057

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 2 | 173.15.57.137 | 4/10/2012 11:58 |
| 3 | 173.15.83.69 | 3/26/2012 21:03 |
| 4 | 75.150.221.45 | 4/14/2012 19:45 |
| 5 | 24.12.200.151 | 3/21/2012 19:11 |
| 6 | 24.13.133.143 | 5/6/2012 6:27 |
| 7 | 24.13.8.25 | 4/6/2012 23:35 |
| 8 | 24.14.56.6 | 3/28/2012 13:36 |
| 9 | 67.176.182.250 | 3/21/2012 0:17 |
| 10 | 68.57.251.202 | 4/5/2012 22:33 |

08/02/2012  12:29     2482037801                    NICOLETTI                              PAGE  02/05

| 11 | 76.29.104.47   | 3/28/2012 0:29  |
| 12 | 98.212.156.222 | 3/25/2012 23:06 |
| 13 | 98.212.198.105 | 4/28/2012 14:59 |
| 14 | 98.212.203.216 | 5/2/2012 9:16   |
| 15 | 98.212.242.90  | 4/22/2012 19:56 |
| 16 | 98.212.244.124 | 5/13/2012 3:39  |
| 17 | 98.214.110.45  | 3/26/2012 23:26 |
| 18 | 98.214.136.217 | 4/7/2012 16:35  |
| 19 | 98.214.150.125 | 5/6/2012 23:44  |
| 20 | 98.214.163.149 | 5/19/2012 8:06  |
| 21 | 98.214.198.165 | 5/19/2012 22:25 |
| 22 | 98.215.1.112   | 3/27/2012 17:51 |
| 23 | 98.215.89.128  | 3/20/2012 4:12  |
| 24 | 98.222.23.55   | 5/6/2012 21:45  |
| 25 | 98.222.49.213  | 4/16/2012 17:01 |
| 26 | 98.222.51.25   | 4/11/2012 11:41 |
| 27 | 98.228.51.126  | 4/1/2012 11:52  |
| 28 | 98.228.63.225  | 5/9/2012 4:09   |

| Place: | Date and Time: |
|---|---|
| Law Offices of Nicoletti & Associates, LLC<br>36880 Woodward Avenue, Suite 100<br>Bloomfield Hills, MI 48304 | SEPTEMBER 17, 2012 @ 9:30 a.m. |

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

08/02/2012  12:29    2482037801                    NICOLETTI                          PAGE  03/05

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/2/12

CLERK OF COURT

_____  OR  _____
Signature of Clerk or Deputy Clerk        Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Paul Nicoletti, Esq., Esq., Law Offices of Nicoletti & Associates, LLC, 36880 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304 - Telephone: (248) 203-7800 , Email: pauljnicoletti@gmail.com