IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MALIBU MEDIA LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12-1188 |
| JOHN DOES 1-34, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
RECONSIDER ORDER OF AUGUST 1, 2012 AND TO
QUASH OR MODIFY SUBPOENA**

Pursuant to Fed. R. Civ. P. 46, putative Defendant John Doe #21 hereby respectfully submits this Memorandum of Law in Support of Motion to Reconsider Order of August 1, 2012 [#6] and to Quash or Modify Subpoena.

**I    INTRODUCTION**

The instant lawsuit is the one of the latest installment of what one court described as "a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent." ***In re BitTorrent Adult Film Copyright Infringement Cases***, 2012 WL 1570765 (E.D.N.Y. May 1, 2012). Reportedly, nearly 220,000 individuals have been targeted by such suits since mid-2010. ***Id.*** Seemingly, the standard operating procedure in all or most of these cases is: 1) to file a complaint against a multitude of John Does, 2) seek expedited discovery in order to get names, addresses, and telephone numbers of internet subscribers from internet service providers, and 3) "shake down" the identified internet subscribers by initiating harassing communications demanding thousands of

dollars in order to avoid the prospect of incurring legal fees in defense.  *See, e.g., Id.*[1]; ***VPR Internationale v. Does 1-1017***, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011); ***Malibu Media, LLC v. Does 1-5***, 2012 WL 2001968 (S.D.N.Y. June 1, 2012) ("This Court shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded."); ***Hard Drive Productions, Inc. v. Doe***, 2012 WL 2469973 (N.D. Ill. June 26, 2012).  Thus far, the instant litigation has progressed to step #2.

John Doe 21 received a letter dated August 7, 2012 notifying him of the Malibu Media subpoena issued in this case pursuant to this Court's Order of June 23, 2012.  See Ex. A, with identifying information redacted.  As John Doe 21 was not aware of this litigation at the time the Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, and thus had no occasion to object, he now moves pursuant to Rule 46 oppose the motion and vacate or modify the ensuing Order.  John Doe 21 contends that Plaintiff should not have bee granted leave to subpoena the ISP because the technology presented by Plaintiff in support of the contention that the referenced IP addresses belong to copyright violators has been held unreliable by Judge Baker of the Central District of Illinois. See ***VPR Internationale v. Does 1-1017***, 2011 WL 8179128 at *2; *see also* ***In re BitTorrent Adult Film Copyright Infringement Cases***, 2012 WL 1570765   at *4-5.  In the alternative, John Doe requests that the Court modify the scope of authorized early discovery to include only the name and address of subscribers, as that is the only information necessary to effectuate service.  *See **Malibu Media, LLC v. Does 1-5***, 2012 WL 2001968 (S.D.N.Y. June 1, 2012); ***Malibu Media, LLC v. Does 1-25***, 2012 WL 2367555 at *3 (S.D. Cal. June 21, 2012).  The

---

[1]Malibu Media, LLC, Plaintiff herein, was a plaintiff in one of the consolidated cases in ***In re BitTorrent Adult Film Copyright Infringement Cases***.

other information sought by Plaintiff, including telephone numbers, email addresses, and MAC addresses, if relevant, should be obtained through normal discovery channels.

## II.     ARGUMENT

Many courts have begun to recognize that mass pornography copyright litigation subjects thousands of innocent citizens to "shake down" tactics for fear of incurring defense fees and/or being publically named in a lawsuit alleging pornography piracy.  While courts have taken different approaches, at least one Judge in the Central District of Illinois has already decided that expedited discovery should not be allowed.  John Doe 21 requests that this Court follow Judge Baker on this issue.

### A.  Identification By IP Address is Unreliable and Will Subject Defendant to Undue Harm

Fed.R.Civ.P. 26(d) provides that "except in categories exempted from initial disclosure[s] ... or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  A party seeking expedited discovery has the burden to show good cause for the departure. ***Alternative Energy Solutions, Ltd. v. Chico***, 2011 WL 3880439 (N.D. Ind. Sept. 2, 2011).  Due to the nature of IP addresses, Plaintiff does not have good cause to subpoena the information requested.

In ***VPR Internationale v. Does 1-1,017***, a pornography company sought expedited discovery in order to obtain the identities of subscribers linked to IP addresses. 2011 WL 8179128.  The Court rejected the request, and the plaintiff sought reconsideration and certification for interlocutory review. *Id.*  Judge Baker denied all requests, finding that the IP address method of discovery is too tenuous, the potential harm too great, and that absent service on at least one defendant, the Court lacked personal jurisdiction over any and could not and would not order expedited discovery. *Id.*

The court noted that "[t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Id.* at *2.  Additionally, the court recognized that "whether you're guilty or not, 'you look like a suspect.'" *Id.*  Ultimately, Judge Baker concluded:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.  In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class actions.'" *Id.*

The U.S. District Court for the Eastern District of New York rejected expedited subpoenas on similar reasoning.  In *In re BitTorrent Adult Film Copyright Infringement Cases*, the court reasoned:

> "In order to allow multiple computers to access the internet under the same IP address, the cable modem may be connected to a router, or may itself function as a router, which serves as a gateway through which multiple computers could access the internet at the same time under the same IP address. The router could be a wireless device in which case, computers located within 300 feet of the wireless router signal could access the internet through the router and modem under the same IP address. The wireless router signal strength could be increased beyond 600 feet if additional devices are added. The only way to prevent sharing of the wireless router is to encrypt the signal and even then an individual can bypass this security using publicly available software.  Some of these IP addresses could belong to businesses or entities which provide access to its employees, customers and sometimes (such as is common in libraries or coffee shops) members of the public." 2012 WL 1570765 at *3-4.

The court also found it particularly troublesome that plaintiff's counsel in a similar case admitted that perhaps 30% of identified subscribers are not actual infringers. *Id.* (citing *Digital Sin, Inc. v. Does 1–176*, —— F.R.D. ——, 2012 WL 263491 at *3 (S.D.N.Y. Jan.30, 2012)).  Due to the

unreliability of the IP address identification and the probable, if not certain, prospect of unfair litigation tactics pressuring identified subscribers into large settlements, the court refused to allow the requested discovery. *Id.* at *4-5.

Defendant John Doe 21 respectfully moves this Court to follow *VPR Internationale* and *In re BitTorrent Adult Film Copyright Infringement Cases*, and vacate the Order of August 1, 2012 [#6].

### B. The Requested Discovery is Overbroad

In its motion for early discovery, Plaintiff argued that the acquisition of the defendants' name, address, telephone number, email address, and MAC address are necessary to identify the true identities of infringers and name them in the lawsuit. Even if the Court finds that Plaintiff is entitled to some early discovery, the scope of the permitted subpoenas should be limited to the information necessary to serve process on the putative defendants. The name and address of the subscribers are sufficient to attain that end. The disclosure of telephone numbers and email addresses will only open putative defendants to the coercive settlement tactics described by the above-cited courts.

The U.S. District Court for the Southern District of New York made just such a finding in *Malibu Media, LLC v. Does 1-5*. 2012 WL 2001968 at *2 (S.D.N.Y. June 1, 2012). The court stated that "[m]ore than one court has observed that Doe defendants, whose telephone numbers have been disclosed, are at particular risk of receiving coercive phone calls threatening public filings that link them to alleged illegal copying and distribution of pornographic films, if a settlement fee is not forthcoming." *Id.* (citing *Hard Drive Productions, Inc. v. Does 1–59*, 2012 WL 1096117, at *2 (S.D.Tex. Mar. 30, 2012); *Digital Sin, Inc. v. Does 1–176*, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012)); *see also Malibu Media, LLC v. Does 1-25*, 2012 WL 2367555 at *3 (S.D. Cal. June 21, 2012) (limiting subpoena to name, address, and MAC address).

Other courts have acknowledged that the "swarm joinder" model of copyright infringement cases, and cases by Malibu Media in particular, appear to be entirely improper uses of the court system in general. See ***Malibu Media, LLC v. John Does 1-24***, 2012 WL 3400703 (D. Colo. Aug. 14, 2012) ("Courts across the country have observed that Plaintiff (and other companies involved in this type of litigation) do not seem interested in actually litigating their copyright claims. Rather, they appear to be using the federal courts only to obtain identifying information for the ISP owners and then attempting to negotiate a quick settlement."); ***Digital Sin, Inc. v. Does 1-176***, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does."); ***Mick Haig Productions E.K. v. Does 1-670***, 687 F.3d 649, 652 (5th Cir. 2012) (affirming sanctions in a similar case, "[Plaintiff's attorney] committed those violations as an attempt to repeat his strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic that he has employed all across the state and that has been replicated by others across the country."); ***Raw Films, Ltd. v. Does 1-32***, 2011 WL 6182025 (E.D. Va. Oct. 5, 2011) ("The plaintiffs' conduct in these cases indicates an improper purpose for the suits.").

The risks anticipated by the courts in the referenced cases are present in this case as well. Indeed, Malibu Media, LLC was a plaintiff in two of the cases and a consolidated plaintiff in ***In re BitTorrent Adult Film Copyright Infringement Cases***, which foresaw the same tactics. Consequently, the Court should modify the scope of any permitted subpoena to ISP providers to be limited to name and address only.

It is anticipated that other putative defendants may file similar motions seeking to vacate the Order or quash the subpoena. One such motion has already been filed. John Doe 21 hereby incorporates by reference any and all arguments raised in said motions as if set forth fully herein.

### III. CONCLUSION

For the foregoing reasons, John Doe 21 respectfully requests that this Honorable Court GRANT his Motion, and enter an Order VACATING the August 1, 2012 Order on Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [#6] and thereby QUASH any subpoena issued pursuant to the Order, or in the alternative that the Court modify the August 1, 2012 Order on Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [#6] to limit any subpoena to name and address only and accordingly modify and subpoena outstanding, and for such other relief as is just and proper.

JOHN DOE 21, Defendant

By: _____*s/Michael Mersot*_____
Michael Mersot
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

## CERTIFICATE OF SERVICE

I hereby certify that on **September 6, 2012**, I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER OF JUNE 23, 2012 AND TO QUASH OR MODIFY SUBPOENA** with the Clerk of Court using the CM/ECF system.

And I hereby certify that on **September 6, 2012,** I faxed and mailed a copy of this document by United States Postal Service to the following non-registered participant:

    Law Offices of Nicoletti & Associates, LLC
    36880 Woodward Avenue, Suite 100
    Bloomfield Hills, MI 48304

    Comcast Corporation
    Legal Demands Center
    650 Centerton Road
    Moorestown, NJ 08057

                      *s/Michael J. Mersot*
                        Michael J. Mersot (Illinois Bar No. 6302526)
                        QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
                        227 N.E. Jefferson Ave.
                        Peoria, IL  61602-1211
                        Telephone:  (309) 674-1133
                        Facsimile:  (309) 674-6503
                        E-mail: mmersot@qjhpc.com

Jo T. Wetherill  (Illinois Bar No. 6244110)
Michael J. Mersot  (Illinois Bar No. 6302526)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: jwetherill@qjhpc.com
E-mail: mmersot@qjhpc.com
I:\1\Civil\Malibu v. Does\memo support mot reconsider.wpd