E-FILED
Thursday, 06 September, 2012  11:19:05 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MALIBU MEDIA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1188 |
| | ) |
| JOHN DOES 1-34, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
LITIGATE UNDER PSEUDONYM**

Pursuant to Fed. R. Civ. P. 5.2(e)(1) and 26(c), putative Defendant John Doe 21 seeks permission to litigate this matter anonymously until such time as determined necessary and appropriate by the Court to disclose his identity.

### I.     INTRODUCTION

The instant lawsuit is the one of the latest installment of what one court described as "a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent.*" In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012). Reportedly, nearly 220,000 individuals have been targeted by such suits since mid-2010. *Id.* Seemingly, the standard operating procedure in all or most of these cases is: 1) to file a complaint against a multitude of John Does, 2) seek expedited discovery in order to get names, addresses, and telephone numbers of internet subscribers from internet service providers, and 3) "shake down" the identified internet subscribers by initiating harassing communications demanding thousands of

dollars in order to avoid the prospect of incurring legal fees in defense. *See, e.g., Id.*[1]; ***VPR Internationale v. Does 1-1017***, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011); ***Malibu Media, LLC v. Does 1-5***, 2012 WL 2001968 (S.D.N.Y. June 1, 2012) ("This Court shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded."); ***Hard Drive Productions, Inc. v. Doe***, 2012 WL 2469973 (N.D. Ill. June 26, 2012). Thus far, the instant litigation has progressed to step #2.

## II.    ARGUMENT

Generally, parties must litigate in their own name in order to facilitate the openness of judicial proceedings. *See* ***Doe v. City of Chicago***, 360 F.3d 667, 669 (7th Cir. 2004). The Seventh Circuit, however, has noted that the presumption may be rebutted by showing that the harm of naming the party exceeds the likely harm from concealment. *Id.* A party may proceed under pseudonym where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir.1981).

Given the nature of the instant lawsuit, pornography piracy, a named defendant would be subject to public embarrassment or scorn merely by being associated with such a case. Another Judge in this District has already recognized the harm of innocent persons being associated with these cases. In ***VPR Internationale v. Does 1-1,017***, Judge Baker noted that "[t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Id.* at *2. Additionally, the court recognized that "whether you're guilty or not, 'you look like a suspect.'" *Id.*

---

[1] Malibu Media, LLC, Plaintiff herein, was a plaintiff in one of the consolidated cases in ***In re BitTorrent Adult Film Copyright Infringement Cases***.

At least at this juncture, Plaintiff will not be prejudiced if Defendant litigates anonymously, whereas Defendant faces great harm. Plaintiff's claim, if any, does not depend on Defendant's identity. Additionally, as Defendant is represented by counsel, as opposed to a pro se defendant, there is no risk of running afoul of Rule 11. Plaintiff has no interest in making Defendant's name public other than as settlement leverage.

Courts have acknowledged that plaintiffs in mass pornography copyright infringement cases have a tendency to apply settlement pressure based on the prospect of being named in such a lawsuit. *See* **Malibu Media, LLC v. John Does 1-24**, 2012 WL 3400703 (D. Colo. Aug. 14, 2012) ("Courts across the country have observed that Plaintiff (and other companies involved in this type of litigation) do not seem interested in actually litigating their copyright claims. Rather, they appear to be using the federal courts only to obtain identifying information for the ISP owners and then attempting to negotiate a quick settlement."); **Digital Sin, Inc. v. Does 1-176**, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does."); **Mick Haig Productions E.K. v. Does 1-670**, 687 F.3d 649, 652 (5th Cir. 2012) (affirming sanctions in a similar case, "[Plaintiff's attorney] committed those violations as an attempt to repeat his strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic that he has employed all across the state and that has been replicated by others across the country.").

Allowing Defendant to litigate under pseudonym until it is necessary to disclose his identifying information to the public will combat such unscrupulous tactics by removing the public humiliation leverage aspect. Proceeding anonymously will thus protect the integrity of the court system from the probability of misuse indicated in the above-referenced cases.

### III.    CONCLUSION

For the foregoing reasons, putative Defendant John Doe 21 respectfully requests that this Honorable Court GRANT his Motion, and enter an Order allowing him to litigate this and any related matter as "John Doe 21," or such other pseudonym as the Court finds appropriate, and requiring that any documents which Plaintiff may file which include Defendant's identifying information be filed redacted or under seal until further notice of the Court, and for such other relief as is just and proper.


JOHN DOE 21, Defendant


By:    *s/Michael Mersot*
          Michael Mersot
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 6, 2012**, I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LITIGATE UNDER PSEUDONYM** with the Clerk of Court using the CM/ECF system.

And I hereby certify that on **September 6, 2012,** I faxed and mailed a copy of this document by United States Postal Service to the following non-registered participant:

   Law Offices of Nicoletti & Associates, LLC
   36880 Woodward Avenue, Suite 100
   Bloomfield Hills, MI 48304

   Comcast Corporation
   Legal Demands Center
   650 Centerton Road
   Moorestown, NJ 08057

                              *s/Michael J. Mersot*
                              Michael J. Mersot (Illinois Bar No. 6302526)
                              QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
                              227 N.E. Jefferson Ave.
                              Peoria, IL  61602-1211
                              Telephone:  (309) 674-1133
                              Facsimile:  (309) 674-6503
                              E-mail: mmersot@qjhpc.com


Jo T. Wetherill  (Illinois Bar No. 6244110)
Michael J. Mersot  (Illinois Bar No. 6302526)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: jwetherill@qjhpc.com
E-mail: mmersot@qjhpc.com
I:\1\Civil\Malibu v. Does\memo of law supp mot litigate.wpd