UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JOHN DOES 1-34,  )<br>)<br>Defendants.  )<br>) | Civil Case No. 1:12-cv-01188-JES-JAG |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DOE 21'S
MOTION TO LITIGATE UNDER PSEUDONYM [DKT. 17]**

Plaintiff does not object to Doe 21's request to proceed anonymously and file his information under seal.  That being said, Plaintiff is not sure that it is warranted under law.  See Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004). ("Judicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity.")  See also Raiser v. Brigham Young Univ., 127 F. App'x 409, 411 (10th Cir. 2005). ("Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.")  ("The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity.")  Id. ((citing Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) (denying plaintiff permission to proceed under a pseudonym sought due to his alcoholism)).  "Further, because the public has an important interest in access to legal

1

proceedings, we have held that its interest should be considered in determining whether some form of anonymity is warranted." Id.

Here, Defendant is claiming that the embarrassment and humiliation of being named in a law suit involving the infringement of an adult film might harm his or her reputation. This risk of embarrassment is not sufficient to permit anonymity. The Honorable Judge Cudmore of this District recently stated in a nearly identical case

> The Court acknowledges that a risk of embarrassment exists for the ISP customers who may become publically associated with the Alleged IP Addresses. The Work apparently contains adult content, and potentially pornographic content. The potential for embarrassment does not outweigh the statutory right of Collins to protect its property interest in its copyright, at least based on the record now before the Court. Any potential Defendant may seek appropriate relief should Collins wrongfully name him or her as a Defendant after completing its initial discovery. See e.g., Fed. R. Civ. P. 11; 28 U.S.C. § 1927. At this point, however, the Court sees no basis to preclude Collins from completing the proposed discovery.

Patrick Collins, Inc. v. John Does 1-9, No. 12-CV-3161 (C.D. Ill. Sept. 18, 2012) (Ex. A)

Further, Defendant's fear of harassment after Plaintiff obtains Doe 21's identifying information is moot since Doe 21 is represented by counsel and is thus shielded from direct contact with Plaintiff. "[T]he John Doe Defendats' argument about coercive settlements is simply without any merit in those cases where the John Doe Defendant is represented by counsel." Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP, (M.D. Fla. July 6, 2012) (emphasis added).

Ultimately, Plaintiff respectfully leaves this decision to the sound discretion of the Court.

2

Dated: September 20, 2012

          Respectfully submitted,
NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*