UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 12-cv-01188-JES-JAG |
| | ) |
| JOHN DOES 1-34, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO RECONSIDER ORDER OF
## AUGUST 1, 2012 AND TO QUASH OR MODIFY SUBPOENA

Now comes Putative Defendant, JOHN DOE 32,[1] by his attorneys, CASSIDY & MUELLER, P.C., and moves the court to reconsider its Order of August 1, 2012 [#6] and to quash the subpoena issued and served upon MEDIACOM COMMUNICATIONS CORPORATION stating:

1.   As appears from the **AMENDED COMPLAINT-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT**, this is a cause of action under the United States Copyright Act of 1976 (17 USC §§ 101 *et seq.*) (the "Copyright Act") against JOHN DOES 1-34 for copying the Plaintiff's motion picture entitled "Lunchtime Fantasy" (the "Work").

2.   On August 1, 2012, this court granted the Plaintiff's motion for leave to serve subpoenas on third parties prior to the Rule 26(f) conference in order to ascertain the identities of the John Doe defendants. JOHN DOE DEFENDANT 32 was not a party to those proceedings and had no opportunity to object to the relief which was granted until it was informed of the subpoena which had been served as a consequence of that order upon MEDIACOM

---

[1] For the purposes of this Motion the Movant is identified as JOHN DOE 32 and the personal pronoun "it" without regard to "its" corporeal existence or gender.

COMMUNICATIONS CORPORATION, this Defendant's internet service provider (ISP). Consequently, in bringing this **MOTION FOR RECONSIDERATION** this Defendant is addressing that order at the earliest opportunity to do so.

3. In addition to the points made in this motion, Defendant JOHN DOE 32 adopts the points, arguments and authorities presented by John Doe #21 in its **MOTION TO RECONSIDER ORDER OF AUGUST 1, 2012 AND TO QUASH OR MODIFY SUBPOENA** and accompanying **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER OF AUGUST 1, 2012 AND TO QUASH OR MODIFY SUBPOENA**, as well as **DEFENDANT JOHN DOE #6's MOTION TO QUASH SUBPOENA**.

4. Attached to this **MOTION** and made a part hereof as Exhibit A is a true and correct copy of the letter received by JOHN DOE 32 from its ISP, MEDIACOM COMMUNICATIONS CORPORATION on September 10, 2012. By that correspondence this Defendant was informed: (1) the court's Order of August 1, 2012; (2) the Amended Complaint in this cause of MALIBU MEDIA, LLC against JOHN DOES 1-34, and (3) the subpoena issued and served upon MEDIACOM COMMUNICATIONS CORPORATION seeking the identity of JOHN DOE 32, including its name, address and telephone number. Since receiving that notification this Defendant has looked into: (1) the nature of litigation of this sort; (2) the Plaintiff, MALIBU MEDIA, LLC, and its involvement in that litigation, (3) together with authorities which have considered subpoenas of the type which were issued and served in this case to further the interests and objectives of plaintiffs such as MALIBU MEDIA, LLC.

5. The present case is clearly an example of what is commonly known as "copyright trolling" in which the "trolling" plaintiff asserts the virtues of copyright protection as a means of

indiscriminately threatening or "shaking down" internet subscribers based upon their Internet Protocol (IP) addresses. The process is well described in *In re: BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D. NY).

6.     In *In re: BitTorrent Adult Film Copyright Infringement Cases, supra*, the Plaintiff here, MALIBU MEDIA, LLC, was one of the plaintiffs seeking the identities of IP subscribers from an internet service provider, such as MEDIACOM. There, as here, subscriber identity was sought for the ostensible purpose of pursuing copyright infringement claims against John Doe Defendants who had allegedly downloaded copyrighted pornographic films utilizing the computer protocol identified as BitTorrent. There the court recognized a plethora of like lawsuits by porn purveyors which had as their objective coercing settlements from the identified subscribers. Once identified the subscriber would be contacted by a "negotiator" for the plaintiff for the purposes of procuring a settlement by threatening the subscriber's joinder in the litigation as a "porn thief". The device works by giving the subscriber the "Hobson's choice" of either: (1) public embarrassment in being identified as a porn thief; (2) incurring the expense of litigious vindication or (3) paying an extortionment amount to avoid both. The threat is there, with its attendant adverse consequences, regardless of whether the subscriber was actually the person who downloaded the pornographic work. In other words, the plaintiff stands to profit by indiscriminately coercing the innocent subscriber. *VPR Internationale v. Does 1-1017*, 2011 WL 817128 (C.D. Ill.).

7.     The indiscriminate joinder of JOHN DOE DEFENDANTS 1-34 in this case is improper. In the present complaint MALIBU MEDIA, LLC identifies JOHN DOES 1-34 based solely upon IP addresses within the district. For the purposes of Rule 20(a)(2), joinder of multiple defendants is permitted only where (A) any right to relief is asserted against them

jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

8.      *Sub judice* JOHN DOES 1-34 are indiscriminately joined as defendants on the pretext that as "subscribers" each was involved in using BitTorrent to download the Plaintiff's "Work", "Lunchtime Fantasy". No showing is made to that effect by the Plaintiff nor is there any basis in reality for that assumption. As numerous authorities point out, copyright infringement involves copying or reproducing the "Work", whereas a "subscriber" is identified by nothing more than an IP address which has been electronically traced by the Plaintiff. As stated by Judge Baker in *VPR Internationale v. Does 1-1017*, *supra*:

> In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi–Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi–Fi Privacy Risks* (April 25, 2011), http://www.msnbc. msn.com/id/42740201/ns/technology_and_science-wireless/.
>
> The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

9.      Proper joinder requires commonality in fact and law as specified in Rule 20. That commonality is wholly lacking where innocent subscribers are sued or threatened with suit as

"porn thieves". Nor is the due process requirement of "fundamental fairness" satisfied by a procedure which injures the innocent subscriber on the pretext that guilt accompanies his subscription.

10. Assuming *arguendo* that JOHN DOE 32 is identified and, as sought by the Plaintiff is joined as a defendant on the basis that subscription equals infringement, how will MALIBU MEDIA, LLC and its attorneys satisfy the good faith requirements of Rule 11 if the facts show otherwise? Where suit is brought for the purpose of threatening and harassing Defendants based upon their status, as opposed to their conduct, is there any justification for the type of intimidation which characterizes this genre of litigation? Facts, not an internet address, are the *sina qua non* of copyright infringement. Viewed in this perspective, the Plaintiff cannot rely upon the salutary objectives of the Copyright Act to justify either: (1) indifference in the joinder of innocent parties let alone (2) extortion of the innocent who are equally embarrassed by being publicly, even if wrongfully, identified as "porn thieves". As Judge Baker found in *VPR International v. Does 1-1017, supra*, the adversarial process first requires legitimate adversaries and the courts should not be used to advance a "fishing expedition" for the purposes of finding an adversary.

11. Understandably, the preceding matters were not brought to the court's attention when the Plaintiff sought and obtained the unopposed order of August 1, 2012 which permitted issuance of the disputed subpoenas. Nor was the court's attention directed to the fact that subpoenas of this type are issued for the purposes of discovery and are therefore subject to the limitations of Rule 26. As the court stated in *BitTorrent Adult Film Copy Infringement Cases, supra*: "The Federal Rules direct the Court to deny discovery 'to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.'" Fed.R.Civ.P. 26(c). As in

*BitTorrent*, it is highly probable that MALIBU will engage in improper litigation tactics if permitted to proceed with enforcement of its subpoenas in this case. Those improper "tactics" include joinder by status of non-infringing subscribers for the sole purpose of extorting settlements to escape being publicly identified as defendants in this pernicious class of lawsuits.

12.     It is significant to note that MALIBU MEDIA, LLC makes no attempt to either: (1) contest or justify the "improper litigation tactics" for which it is commonly known or (2) make provision for the irreparable harm which will result to innocent subscribers whose identity is sought for joinder as "porn thieves". Absent that justification JOHN DOE 32 submits that the Plaintiff cannot show good cause for the issuance of the disputed subpoenas or their enforcement.

WHEREFORE, JOHN DOE 32 respectfully submits that this court should reconsider its Order of August 1, 2012 and deny MALIBU MEDIA, LLC the authority to issue the disputed subpoenas or quash the subpoena issued to MEDIACOM COMMUNICATIONS CORPORATION regarding JOHN DOE 32 or require the Plaintiff to condition issuance and/or enforcement of the subpoenas upon the protection of innocent subscribers from annoyance, embarrassment, oppression or undue burden or expense, including the allowance of attorney's fees and costs in resisting the subpoena.

       CASSIDY & MUELLER P.C.

       By: /s/ David B. Mueller
        David B. Mueller
        CASSIDY & MUELLER P.C.
        416 Main Street, Suite 323
        Peoria, Illinois 61602
        Telephone: (309) 676-0591
        Facsimile: (309) 676-8036
        E-Mail: dmueller@cassidymueller.com

       ATTORNEYS FOR PUTATIVE DEFENDANT,

JOHN DOE 32

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 10th day of October, 2012, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Central District of Illinois, Urbana Division, using the ECF system which will send notification of such filing to the following:

    COUNSEL FOR PLAINTIFF,
        Paul J. Nicoletti
        E-Mail: paul@nicoletti-associates.com

    COUNSEL FOR JOHN DOE #21
        Jo t. Wetherill
        E-Mail: wetherill@qjhpc.com
        Michael J. Mersot
        E-Mail: mmersot@qjhpc.com

                /s/ David B. Mueller